UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DORRINUS JEWEL,

Plaintiff,

v.

UAW INTERNATIONAL and UAW LOCAL 7,

Defendants.

_____/

Case No. 15-cv-12322

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
R. STEVEN WHALEN

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL AS MOOT

### I. INTRODUCTION

Plaintiff Dorrinus Jewel ("Plaintiff") commenced this action on June 26, 2015 against UAW International and UAW Local 7 ("Defendants"). *See* Dkt. No. 1. On the same day, Plaintiff filed a Motion for Appointment of Counsel. *See* Dkt. No. 3. In the Complaint, Plaintiff alleges that Defendants were negligent in their representation of Plaintiff while she was employed at Chrysler Group, LLC. On July 20, 2015, Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 6. For the reasons discussed herein, the Court will **GRANT** Defendants' Motion to Dismiss and **DENY** Plaintiff's request for appointment of counsel as **MOOT**.

The matter is fully briefed. After reviewing the briefing, the Court concludes that oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve the Motion on the briefs as submitted. *See* E.D. Mich. L.R. 7.1(f)(2).

## II. BACKGROUND

Plaintiff Dorrinus Jewel worked as an hourly employee for Chrysler Group, LLC ("Chrysler") from about October 21, 1994 until December 4, 2009. *Jewel v. Chrysler, LLC.*, 2014 WL 764660, at *1 (E.D. Mich. 2014). She was represented in collective bargaining by UAW Local 7. *Id.* On or about November 13, 2009, an application was submitted to Chrysler for Jewel's participation in a buy-out program. *Id.* Under the terms of this buy-out program, an employee's application became irrevocable after November 13, 2009 - the last day the employees could apply. *Id.* Plaintiff contends that she never applied for the buy-out and that her signature on the application was forged by Chrysler. *Id.*

On November 16, 2009, there was an incident at Chrysler which resulted in Plaintiff going on medical leave the next day. Plaintiff maintains that in response to the occurrences of November 16, 2009, Chrysler forged her name on the participation program form, and terminated her on December 4, 2009. *Id.*

It wasn't until January 31, 2011, that the UAW filed a grievance on behalf of Ms. Jewel alleging that she was not eligible to participate in the buy-out program because she was on disability leave when her employment was terminated. *Id.* at *2. Chrysler denied the grievance and the grievance was subsequently withdrawn on April 4, 2012. Plaintiff filed an appeal with the union, but lost. *Id.*

On October 8, 2013, Plaintiff, proceeding *pro se*, filed an action against Chrysler, as well as her former union, the UAW, in the United States District court for the Eastern District of Michigan. *Id.* at *1. Plaintiff asserted ten claims: 1) wrongful termination/retaliation in violation of the Civil Rights Act of 1964; 2) wrongful termination in violation of public policy; 3) intentional infliction of emotional distress; 4) negligent infliction of emotional distress; 5)

defamation of character; 6) civil conspiracy/concert of action ; 7) loss of consortium; 8) breach of contract; 9) fraud; and 10) innocent misrepresentation. *Id.*

On December 26, 2013, Chrysler filed a motion to dismiss the case. *Id.* On December 27, 2013, the UAW filed a motion to dismiss. *Id.* On February 25, 2014, the Court granted both motions because all of the Plaintiff's claims were either time barred or failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Id* at *8. Over a year later, this action was filed.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough 'to raise a right to relief above the speculative level' on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 679 (2009).   "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 678.   "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*.  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id*. at 679.

## IV. DISCUSSION

Defendants argue that the present action should be dismissed "because: (1) Plaintiff's claims are barred by claim preclusion; (2) Plaintiff's claims are barred by issue preclusion; and (3) Plaintiff's claims are either preempted by Section 301 of the LMRA, time barred by the applicable statute of limitations, or fail to state viable causes of action." Dkt. No. 6 at 14, Pg. ID No. 105. The issue of claim preclusion, however, is dispositive and an analysis of Defendants' secondary arguments is not necessary.

### A.  Claim Preclusion

When considering claim preclusion, this Court is to rely on the law of the state in which the first judgment occurred. *Heyliger v. State Univ. & Cmty. Coll. Sys. Of Tenn.,* 126 F.3d 849, 851-852 (6th Cir. 1997). Since the prior action occurred in Michigan, Michigan law will govern the action at hand.

"Michigan law requires a court to apply claim preclusion if (1) there was a prior and final decision on the merits, (2) the parties in both lawsuits are the same, and (3) the matter in the second case was, or could have been, resolved in the first lawsuit." *Reid v. Thetford Tp.,* 377 F. Supp. 2d 621, 625 (E.D. Mich. 2005) (citing *Adair v. State,* 470 Mich. 105, 121 (2004)). Once

the three elements are met, claim preclusion will operate in two ways. "It will bar 'not only claims already litigated, but **every claim** arising from the same transaction that the parties, exercising reasonable diligence, **could have raised but did not.**'" *Id.* (quoting *Sewell v. Clean Cut Mgmt., Inc.,* 463 Mich. 569, 575 (2001)) (emphasis added).

### a. Undisputed Elements

The first two elements of claim preclusion are not in dispute. There was a final judgment on the merits in the prior case. *See Jewel*, 2014 WL 764660 at *8 (dismissing all claims); *see also Gonzalez v. City of New York*, 396 F. Supp. 2d 411, 415 (S.D.N.Y. 2005) (a motion to dismiss is a final judgment on the merits). Additionally, the Defendants and the Plaintiff were opposing parties in the 2013 litigation. *See Jewel,* 2014 WL 764660 at *1. Accordingly, these two elements have been satisfied.

### b. The Matter Could have been Brought in the First Action

To determine if the matter could have been resolved in the first case, Michigan applies two alternative tests: the "same evidence" test and the "same transaction" test. *Adair*, 470 Mich. at 123-125.

> The same evidence test looks to whether the same facts or evidence are essential to the maintenance of the two actions. The broader same transaction test provides that the assertion of different kinds or theories of relief still constitutes a single cause of action **if a single group of operative facts give rise to the assertion of the relief**.

*Rehab Solutions, LLC v. Diversa Care Therapeutics, Inc.*, 2011 WL 4088300 at *5 (E.D. Mich. 2011) (internal quotations and citations omitted) (emphasis added). "Whether a factual grouping constitutes a transaction for purposes of [claim preclusion] is to be determined pragmatically, by

considering whether the facts are related in time, space, origin or motivation, and whether they form a convenient trial unit." *Adair*, 470 Mich. at 105.

Here, Plaintiff's current allegations all arise from the same events of the prior litigation. In 2013, Plaintiff's claims revolved around the UAW's representation of her grievance and subsequent termination. *See Jewel*, 2014 WL 764660. Now, Plaintiff is alleging negligence and other claims arising from that same representation. Thus, this action arises from the same operative facts as the prior litigation and could have been brought in 2013. Therefore, the final element has been satisfied.

Accordingly, as all three elements of claim preclusion have been satisfied, the current action is barred.

## V. CONCLUSION

For the reasons discussed herein, the Court will **GRANT** the Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Further, the Court will **DENY** the Plaintiff's request for appointment of counsel as **MOOT**.

IT IS SO ORDERED.

Dated: August 31, 2015

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge