UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DORRINUS JEWEL,

Plaintiff,

v.

UAW INTERNATIONAL and UAW LOCAL 7,

Defendants.
_____/

Case No. 15-cv-12322

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
R. STEVEN WHALEN

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [13] AS TO ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLAIM [11]**

**I. INTRODUCTION**

Plaintiff Dorrinus Jewel, filing *pro se*, commenced the instant action against Defendants, UAW International and UAW Local 7, on June 26, 2015. *See* Dkt. No. 1. Presently before the Court is Plaintiff's "Reconsideration Letter" [13]. The Court interprets Plaintiff's filing to be a Motion for Reconsideration, and shall refer to it as such herein.

The Court has had an opportunity to thoroughly examine this matter. For the reasons discussed below, the Court will **DENY** Plaintiff's Motion for Reconsideration.

**II. BACKGROUND**

The factual background for this Motion is brief. In October of 2013, Plaintiff filed an action against the Defendants, as well as Chrysler Group, LLC. *See Jewel v. Chrysler, LLC*, 2014 WL 764660 (E.D. Mich. February 25, 2014). That action was dismissed in 2014 for failure to state a claim. *Id.* at *8. A little over a year later, on June 26, 2015, Plaintiff filed an action against the Defendants again. Defendants moved to dismiss the action on July 20, 2015 [6]. This Court dismissed the action on August 31, 2015 as barred by *res judicata*. *See* Dkt. No. 11. On

September 21, 2015, Plaintiff filed this Motion. Plaintiff requests this Court "reject [its] decision and reconsider." Dkt. No. 13 at 3, Pg. ID No. 172.

### III. LEGAL STANDARD

Motions for Reconsideration are governed by Local Rule 7.1(g)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan, which provides:

> [M]otions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

E.D. Mich. L.R. 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (quoting United States v. Cican, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).

### IV. DISCUSSION

Plaintiff's Motion fails to point to a single defect in this Court's decision to grant the Defendants' Motion to Dismiss. This Court granted the Defendants' Motion because Plaintiff's claim was barred by *res judicata*. *See* Dkt. No. 11. Instead of addressing the elements of *res judicata*, Plaintiff's Motion puts forward the same issues already previously brought before this Court. *See* Dkt. No. 13. For example, Plaintiff argues that 1) the UAW failed to provide "proper representation" and 2) "failed to intervene [and] enforce the Workers Contracts." *See* Dkt. No. 13 at 2. Even if these allegations are true, and it very well may be that they are, it does not change the fact that these claims needed to be in the Plaintiff's original action in October of 2013 in order to move forward. *See* Dkt. No. 11 at 4-6, Pg. ID No. 166-168. This is an issue that is separate and removed from the substance of Plaintiff's claim. Regardless of how meritorious Plaintiff's case may be, the Court may not unilaterally disregard established judicial doctrine.

Seeing no palpable defect in the Court's prior Order, the Motion fails. *Lockett*, 328 F. Supp. 2d at 684.

## V. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Reconsideration is **DENIED**.

IT IS SO ORDERED.

Dated: October 6, 2015　　　　　　　　　　　　/s/Gershwin A Drain
Detroit, MI　　　　　　　　　　　　　　　　　HON. GERSHWIN A. DRAIN
　　　　　　　　　　　　　　　　　　　　　　United States District Court Judge